## VAN METER v. PRIMA CO.

### No. 5967.

Circuit Court of Appeals, Seventh Circuit.

Feb. 26, 1937.

Michael L. Igoe, U. S. Atty., and Edmond Sullivan, Asst. U. S. Atty., both of Chicago, Ill., for appellant.

George N. Murdock, of Chicago, Ill., for appellee.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

BRIGGLE, District Judge.

Appellee recovered a judgment in the District Court against appellant, in his official capacity as collector of internal revenue, for an alleged excess payment of a brewers' tax. On June 28, 1933, appellee paid to the collector $1,000 as a tax for the

fiscal year ending June 30, 1934, under the provisions of section 3244, Revised Statutes, as amended (48 Stat. 16), which defines a brewer and provides that brewers shall pay $1,000 in respect of each brewery.

On January 11, 1934, the Liquor Taxing Act of 1934 became effective (26 U.S.C.A. § 1394(c), fixing the brewers' tax at $100 instead of $1,000, and appellee sued to recover the difference in such tax as measured by the remaining time from January 11 to June 30, 1934.

The question for determination is whether under the statutes authorizing refund of taxes the taxpayer is vested with a right of action against the collector to recover such alleged excess.

Section 3237 Revised Statutes (26 Stat. 624, 26 U.S.C.A. § 1402(b), provides:

"All special taxes shall become due on the 1st day of July in each year, or on commencing any trade or business on which such tax is imposed. In the former case the tax shall be reckoned for one year; and in the latter case it shall be reckoned proportionately, from the 1st day of the month in which the liability to a special tax commenced to the 1st day of July following."

The taxpayer, therefore, at the time of payment, paid the tax for a period of one year. Having been in operation at the beginning of the fiscal year, it was not permitted to pay a tax for any period less than one year. The statutory fee of $1,000 was on the basis of an annual tax and the fact that persons beginning business after the expiration of one or more months of the fiscal year were permitted to pay only a pro rata portion of the whole tax is no justification for concluding that a taxpayer who is in business at the beginning of the fiscal year may pay in advance for only such portion of the year as he may elect; nor is it any basis for asserting that the tax is fixed on a monthly basis. The taxpayer, therefore, having voluntarily paid a tax legitimate in all respects at the time of payment, not excessive in amount, not erroneously or wrongfully assessed or collected, and paid under no compulsion except that of a valid statute must find a remedy for its recovery in something other than the mere fact that Congress has at a later date seen fit to levy a less tax against those beginning similar operations after the date of the new act. The new act itself has given no remedy.

Appellee attempts to find its remedy in the Act of May 12, 1900 (31 Stat. 177), as amended by the Act of June 30, 1902 (32 Stat. 506), 26 U.S.C.A. § 1424(a, b), which provides as follows:

"The Commissioner [of Internal Revenue], subject to regulations prescribed by the Secretary [of the Treasury], may, upon receipt of satisfactory evidence of the facts, make allowance for or redeem such of the stamps, issued under authority of law, to denote the payment of any internal revenue tax, as may have been spoiled, destroyed, or rendered useless or unfit for the purpose intended, or for which the owner may have no use, or which through mistake may have been improperly or unnecessarily used, or where the rates or duties represented thereby have been excessive in amount, paid in error, or in any manner wrongfully collected. Such allowance or redemption may be made, either by giving other stamps in lieu of the stamps so allowed for or redeemed, or by refunding the amount or value to the owner thereof, deducting therefrom, in case of repayment, the percentage, if any, allowed to the purchaser thereof;"
and in section 3220, Revised Statutes, as amended by Act May 29, 1928, c. 901, § 3, 26 U.S.C.A. § 1670(a) (1), which provides:

"The Commissioner [of Internal Revenue], subject to regulations presented by the Secretary [of the Treasury], is authorized to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected."

Conceding that at the time the tax was "reckoned" and paid the same was proper, appellee asserts that it has become "excessive" under the provisions of the last-quoted acts, because of the later reduction in amount.

We cannot agree that such statutes are applicable to the instant situation or that they authorize a return of taxes paid under the circumstances here present. To say that the taxes paid have by reason of the later act become "excessive" within the meaning of the last-quoted acts is to place upon such statutes an interpretation not justified.

Appellee further asserts that a failure to refund for the period from January 11 to June 30, 1934, creates a discrimination between those who paid under the old act and those who pay under the new act. We

think this position without merit. Those paying the tax under the new act were not similarly situated with those paying at the time appellee paid, and no contention is made that other brewers cotemporaneous with appellee were or could be taxed on any different basis than was appellee. If appellee is correct that the new act causes an unjust discrimination between taxpayers, that would avail it nothing as it has concededly paid a valid tax, not erroneously or illegally assessed, reckoned or collected.

The new legislation has not affected the status of a taxpayer of June 28, 1933; no right or privilege has been withdrawn from brewers of that date and their right to continue in business to the end of the licensed period is unaffected. That Congress in the exercise of its discretion might have authorized an adjustment for those months following the enactment of the new law is not challenged, but it is sufficient to observe that they have not done so. The taxpayer's problem is legislative and not judicial.

The judgment of the District Court is reversed and the cause remanded.

Reversed and remanded.